■ In the Matter of DI NATALE MANAGEMENT CORP., Appellant, v. GARY FINNEY et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered June 30, 1972 in Essex County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to set aside an award of a contract for the rental of a hydraulic backhoe by the Village of Keesville to the Inter-County Excavators, Inc. The Village of Keesville, on June 2, 1972, advertised for the rental of a hydraulic backhoe with specifications that it be able to dig 22 feet and have a lifting capacity of 5,000 pounds at full reach. The bid by Inter-County Excavators was the lowest bid received and thus accepted by a majority of the village board. Petitioner disputes the acceptance of the bid on the basis that the machine offered by Inter-County Excavators did not meet the specifications set forth in the bid. While it is true that, according to the manufacturer's operating literature, the Inter-County machine would not meet the prescribed specifications as to performance, when this issue was raised, Inter-County actually demonstrated to the board

that its machine would in fact perform as required by the specifications. There were thus no alterations of the bid specifications. Special Term could thus properly find that the village board did not, under the facts and circumstances of the present case, act in an arbitrary or capricious manner or abuse its discretion in accepting the Inter-County bid. Judgment affirmed, with costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.