■ In the Matter of ABELE TRACTOR AND EQUIPMENT COMPANY, INC., Appellant, v DEPARTMENT OF PUBLIC WORKS OF THE COUNTY OF MONTGOMERY et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered April 18, 1979 in Montgomery County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to set aside an award of a contract by the County of Montgomery to Contractors Sales Company, Inc. In May of 1978 the County of Montgomery advertised for the purchase of a boom-mounted hydraulic impact hammer. Although petitioner's bid of $11,307.81 was the lowest received, the county board of supervisors awarded the contract to Contractors Sales Company, Inc., which had submitted the next lowest bid of $14,810, after deciding that petitioner's product did not meet the specifications set forth by the county. Claiming that its product substantially complied with the specifications and that any deviation therefrom occurred in situations where its product was superior to the specifications, petitioner brought this article 78 proceeding to set aside the contract awarded to Contractors Sales Company, Inc., and have the same awarded to itself, or, in the alternative, to recover its lost profit of $3,407.93. Special Term dismissed petitioner's application and this appeal ensued. It is our view that the Montgomery County authorities did not act in an arbitrary or capricious manner or abuse their discretion in refusing to accept petitioner's bid and awarding the contract to the next lowest bidder *(Matter of Di Natale Mgt. Corp. v Finney,* 46 AD2d 827). The county had before it information from the manufacturer of petitioner's hydraulic hammer which indicated that it would be inappropriate for use on the county's 12-ton backhoe. Furthermore, the county specifications indicated that it desired to purchase a high-pressure hydraulic hammer, and it was not

required to accept petitioner's bid for low-pressure equipment. Nor did the county act improperly in declining petitioner's offer to use its hammer on a trial basis to determine whether it met the desired performance levels. The judgment of Special Term dismissing the petition should, accordingly, be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Greenblott, Main, Casey and Herlihy, JJ., concur.