■ I. JANVEY & SONS, INC., Appellant, v COUNTY OF NASSAU et al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel the county respondents to treat the award of a contract to respondent Halbro/Control Industries, Inc., as a nullity and to compel the County of Nassau to award the subject contract to petitioner or, in the alternative, to reopen the bidding on said contract, petitioner appeals from a judgment of the Supreme Court, Nassau County (Christ, J.), entered June 30, 1982, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent that the award of the contract is vacated and the matter is remitted to the County of Nassau for further proceedings consistent herewith. Special Term erred in deferring to the county's determination to award the subject contract to respondent Halbro/Control Industries (hereinafter Halbro). Although a municipality may waive technical noncompliance with bid specifications where the defect constitutes a mere irregularity (see *Le Cesse Bros. Contr. v Town Bd. of Town of Williamson*, 62 AD2d 28, 32, affd 46 NY2d 960; *Matter of Cataract Disposal v Town Bd. of Town of Newfane*, 77 AD2d 796), it may not do so where the variance is substantial or material (*Matter of Fishback & Moore v New York City Tr. Auth.*, 79 AD2d 14, mot for lv to app den 53 NY2d 604; *Le Cesse Bros. Contr. v Town Bd. of Town of Williamson*, supra). The record clearly establishes that the bid submitted by Halbro did not comply with a majority of the specifications set forth by the county. This constitutes a substantial deviation from those specifications. Where Halbro's bid was materially deficient, the affidavit subsequently received from Halbro's president, guaranteeing that its products fully complied with the county's specifications, was insufficient to cure the defect. One of the primary purposes of the competitive bidding statutes is to ensure that the municipality obtains "the best work and supplies at the lowest possible price" (*Le Cesse Bros. Contr. v Town Bd. of Town of Williamson*, supra, p 31). This purpose would be contravened if a simple affidavit promising compliance could be substituted for

specific information detailing the attributes of the product offered. A rule to the contrary would promote favoritism and partiality in the awarding of public contracts. Such a result is to be discouraged (see *Matter of Fishback & Moore v New York City Tr. Auth., supra*). Furthermore, it is undisputed that Halbro was the only company of the seven bidding on the contract that was permitted to submit such an affidavit. By failing to allow any of the other bidders to guarantee the products offered in their bids, the county exhibited favoritism and deprived those bidders of a "substantial benefit afforded to their [competitor]" (*Matter of Fishback & Moore v New York City Tr. Auth., supra*, p 20). This is particularly relevant where the county's own comparison established that two of the bidders, whose bids were in some way defective, had underbid Halbro. Finally, we note that since Halbro was not the lowest responsible bidder, the county acted improperly in engaging Halbro in postbid negotiations (see *Matter of Fishback & Moore v New York City Tr. Auth., supra,*). In awarding the contract to Halbro, the county acted arbitrarily and abused its discretion. Accordingly, the bidding should be reopened to permit each respective bidder a fair and equal opportunity to obtain the subject contract. Gibbons, J. P., Weinstein, Thompson and Rubin, JJ., concur.