■ In the Matter of STILSING ELECTRIC, INC., Appellant, v TOWN OF COLONIE et al., Respondents. — Appeal from a judgment of the Supreme Court at

---

Special Term (Prior, Jr., J.), entered May 19, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate the award of a public contract to respondent Clifford R. Gray, Inc., and to compel respondents Town of Colonie and County of Albany to award the contract to petitioner. Petitioner is an electrical contractor who was the second lowest bidder on a contract for certain electrical work at a sports facility being constructed jointly by respondents County of Albany and Town of Colonie. Respondent Clifford R. Gray, Inc., submitted the lowest bid and was awarded the contract. Petitioner sought to vacate this award and compel the town and county to award it the contract. It claims that Gray's bid was irregular in that it deviated from the bid form and offered performance in a manner not called for by the bid specifications; there is no intimation of fraud, bad faith or other illegal conduct. Special Term rejected these arguments and dismissed the petition. We affirm. The base bid envisaged the installation of copper electrical wiring directly underground. To increase the options available, however, respondents town and county asked each bidder to submit an alternative figure which would reflect the cost if the wire were installed underground in an insulated conduit. Because this method of installation was more expensive than direct underground installation, its cost was labeled as an "add alternate" in the bid specifications. The specifications also included a "deduct alternate" in which each bidder was to calculate the decreased costs of the job using aluminum wire, which is less expensive. The bid form contained three blanks — one for the base figure, one for the "add alternate", and one for the "deduct alternate". Respondents town and county reserved the right to choose in any order all, some, or none of the options offered. Petitioner submitted a base bid of $87,119 with an "add alternate" of $18,500 and a "deduct alternate" of $5,500. Gray's base figure was $100,970 with an "add alternate" of $7,200. Gray submitted two "deduct alternates". One of them reflected the cost of installing aluminum wire directly underground and amounted to $6,400. The second "deduct alternate", which was added to the bid form by Gray because there was no specific space assigned for a second figure, was $10,100 and reflected savings which could be achieved if the add alternate of $7,200 for furnishing and installing the conduit was accepted. This second figure was greater because it took into account the fact that a lesser quality aluminum wire could be used in conjunction with the conduit. Such lesser quality wire met the amended bid specifications which had been circulated to all potential bidders, including petitioner, shortly after the original bid specifications had been issued. Respondents town and county calculated that Gray had offered the low bid by adding its "add alternate" to the base figure and then subtracting the second "deduct alternate" to arrive at a bid of $98,070. When the same calculation was made with petitioner's figures, the bid amount was $100,119. It is undisputed that had Gray's first "deduct alternate" figure been used in the combined add-deduct calculation, petitioner would have had the low bid. Petitioner's position stated simply is that Gray's offering a second "deduct alternate" figure constituted a unilateral revision of the bid specifications and violated the terms of the bid invitation which exacted adherence to the bid form and forbade any alteration of that document. Thus, it is argued that Gray's bid should have been discarded. We cannot agree. The combination of the "add alternate" with the "deduct alternate" was clearly contemplated by the specifications which stated that each contractor should adjust its calculations "in the event the Deduct Alternate is approved along with this Add Alternate". Furthermore, the lesser quality aluminum wire which Gray intended to use in its second "deduct alternate" was explicitly permitted by an addendum to the bid specifications. This quality wire could only have been used in conjunction with conduit if it were to satisfy safety standards. Thus,

the calculation ultimately made by respondents town and county could not be termed a surprise. Nor is there anything untoward in Gray's utilization of two "deduct alternates". Indeed, the possibility that the add and the deduct alternates would be combined suggested that two figures — one involving aluminum wire directly underground and the other involving aluminum wire in conduit — should be offered to cover all possible alternatives raised by the bid specifications. We see no reason to penalize Gray for its close reading of the bid specifications to arrive at an innovative proposal which resulted in a considerable savings to respondents town and county. Moreover, once that proposal was arrived at, the fact that the bid form contained only one blank under the "deduct alternate" heading should not have prevented the proposal from being submitted for consideration. Such a result would exalt form over substance, prohibit a bona fide proposal totally within the parameters of the bid specifications from being considered, and run counter to the underlying purpose of public bidding — "the acquisition of facilities * * * of maximum quality at the lowest possible cost" (General Municipal Law, § 100-a). The argument that use of the second "deduct alternate" put petitioner at an improper competitive disadvantage is unconvincing. Gray's bid was totally within the specifications; thus, any competitive disadvantage petitioner suffered was the result of its failure to anticipate all possibilities under the specifications and did not stem from an improper variation of the bid specifications (cf. *Janvey & Sons v County of Nassau,* 90 AD2d 807; *Matter of De Bonis v Hudson Val. Community Coll.,* 55 AD2d 778). Also, petitioner had the right to submit questions about the meaning or intent of the contract documents to the project engineer. It never made such a request and now relies upon the lack of a blank on the bid form to defeat a better offer made in accordance with the specifications. Under these circumstances, the town and county could properly treat Gray's addition of a second "deduct alternate" as a waivable technical noncompliance (*Matter of Cataract Disposal v Town Bd.,* 53 NY2d 266). The town and county expressly reserved such a right of waiver in a provision of the bid invitation. Because the award was neither arbitrary nor irrational (see *Matter of Abele Tractor & Equip. Co. v Department of Public Works,* 74 AD2d 980), Special Term correctly dismissed the petition. Judgment affirmed, with costs. Sweeney, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.